McKinney, J.,
delivered the opinion of the Court.
This was a petition filed in the County Court of Davidson. The petitioner seeks to be discharged from his purchase of a slave, made under a decree of said Court, and to have the obligation given by him for purchase money, surrendered up and cancelled. The ground alleged in the petition for this relief, is the fraudulent concealment of the unsoundness of the slave at the time of the sale, and consequent failure of consideration. The petition shows that the sale was made by the Clerk of the Court on the 28th of December, 1853—that the petitioner, at the time of the sale, executed his note, under seal, with security, for *371 the price of the slave, being $1,105, payable to the clerk twelve months after date; that at the January Sessions of said Court, 1854, the sale was reported to the Court, and not being excepted to, was confirmed, and a formal decree rendered, vesting the title to the slave in the petitioner.
The note not being paid at maturity, a motion for judgment was regularly entered at the February Session, 1855, of said Court, and thereupon the present petition was presented and filed. Much proof was taken upon the issue made by the petition, and on. hearing, the Court dismissed the petition on the ground of failure of proof. An appeal was prosecuted to the Circuit Court, and there the judgment of the County Court was affirmed. The case is brought here by an appeal in error.
It is argued here, in addition to the ground stated in the petition, that, in consequence of irregularities in the proceedings, the sale of the slave under the decree of the County Court, was void, and communicated no title to the purchaser.
We have not thought it proper to consider the case upon either of the grounds assumed in argument; because, if the positions were admitted to be sustained by the record, we feel very dlear, that, upon a different ground the petition must be dismissed; and that is, the entire want of jurisdiction in the County Court to grant any relief in the case stated in the petition.
The jurisdiction of the County Court, though of an equitable nature, is very limited in its extent. It is merely what the statute has expressly conferred, and nothing more. It extends simply to the making and *372 completion of the sale in the particular case, and when that is accomplished the jurisdiction is exhausted, except for the purpose of rendering judgment by motion for the purchase money, if not paid when the note or obligation falls due; to do this, authority is given by statute. It is certainly true, that before confirmation of the report, (the sale being incomplete,) the Court necessarily possesses this incidental power of setting the sale aside, and of discharging the purchaser from his offer to purchase. But, it is no less clear, that after the sale has been completed by confirmation of the report, and decree vesting title in the purchaser, if any matter of equity exist, or should arise, entitling the purchaser to be relieved against the payment of the consideration money, resort must be had to a Court of Equity. The simple power to render judgment by motion against the purchaser, upon his obligation for the purchase money, cannot be held to invest. the County Court with jurisdiction to declare the sale void, either on the ground of fraud or irregularity in the proceedings. No such jurisdiction exists in that tribunal.
In this view of the case, the judgment is affirmed, but without prejudice.